STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JEFFREY D. NEDROW (CABN 161299)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5045
    FAX: (408) 535-5066
    Email: jeff.nedrow@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> JHYY CHUBBICK, <br>     Defendant. | NO. **CR 22-70065-MAG** <br><br> **NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(C)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE** |

    Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on January 19, 2022, the above-named defendant was arrested based upon an arrest warrant (see attached) issued upon on

☐ Indictment
☐ Information
☐ Criminal Complaint
■ Other (describe):  Supervised Release Violation

pending in the Western District of Tennessee, Case Number 2:07CR20016-001-JTF.

    In that case, the defendant is charged with violating the terms of his Supervised Release.

////

////

NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL
CHARGES PURSUANT TO RULES 5(C)(2) AND (3) OF THE FEDERAL
RULES OF CRIMINAL PROCEDURE

DESCRIPTION OF CHARGES:  Violation of Supervised Release.

PENALTY:  Maximum statutory penalty:  84 months imprisonment
                                                                    8 years of supervised release

       Guideline range:                    21-27 months.

DATED: January 19, 2022                    Respectfully submitted,

                                                    STEPHANIE M. HINDS
                                                    United States Attorney

                                                      /s/
                                         _____
                                         JEFFREY D. NEDROW
                                         Assistant United States Attorney

FID 5250804

# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

United States of America

v.

**JHYY CHUBBICK**

## WARRANT FOR ARREST

Case Number(s): 2:07CR20016-001-JTF

To:  The United States Marshal and
any Authorized United States Officer

**YOU ARE HEREBY COMMANDED** to arrest **JHYY CHUBBICK** and bring him or her forthwith to the nearest Magistrate Judge to answer a(n)

// Indictment   // Information
// Complaint  // Order of Court   // Probation Violation Petition   /**X**/ Supervised Release Violation Petition

## Violation of Conditions of Supervised Release

**In violation of Title 18, United States Code, Section(s) 3583**

| Thomas M. Gould | Clerk of Court |
| Name of Issuing Officer | Title of Issuing Officer |
| s/Ross Herrin | September 6, 2018 |
| Signature of Issuing Officer/Deputy Clerk | Memphis, TN |
| Bail fixed at $ NO BAIL SET | By  s/John T. Fowlkes, Jr. |
|  | Name of Judicial Officer |

ORIGINAL

| **RETURN** |
|---|
| This Warrant was received and executed with the arrest of the above-named defendant at |
| Date Received:       Names and Title of Arresting Officer       Signature of Arresting officer |
| Date of Arrest |

PROB 12C
(9/17)

# United States District Court
## for the
## Western District of Tennessee
### Petition for Warrant or Summons for Offender under Supervision

Name of Offender: Jhyy Chubbick                                    Docket No. 2:07CR20016-01

Name of Sentencing Judicial Officer:   The Honorable Bernice B. Donald, United States District Judge

Reassigned to:  The Honorable John T. Fowlkes, United States District Judge

Date of Original Sentence: 03/17/2010

Original Offense: Robbery Affecting Commerce, 18 U.S.C. § 1951 and Carry and Use of a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c)

| | |
|---|---|
| Original Sentence: Prison – 144 months; TSR – 36 months | Type of Supervision: Supervised Release |
| Assistant U.S. Attorney: Tony Arvin | Date Supervision Commenced: 03/24/2018 |
| Defense Attorney: Robert Parris | Date Supervision Expires: 03/23/2021 |

## PETITIONING THE COURT

☒ **To issue a warrant**
☐ **To issue a summons**
☐ **To grant an exception to revocation without a hearing**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation | Nature of Non-Compliance |
|---|---|
| 1. | **The defendant shall not commit another federal, state, or local crime.** On or about May 20, 2018, in San Bernardino County, California, the defendant committed Unlawful Taking of a Vehicle, in violation of California Vehicle Code 10851. Evidence in support of the criminal conduct includes the probable cause declaration and arrest report. According to the official documents, on May 20, 2018, the San Bernardino County Sheriff's Department was dispatched in response to an unknown individual trying to steal a truck from a gated business. The individual could not exit the business due to the security gates being closed. Upon their arrival, officers found, Jhyy Chubbick sitting in the driver seat of the vehicle. Mr. Chubbick complied with the officer's instructions and was detained without incident. He did not have permission to operate the vehicle, and he advised the arresting officers that he entered the vehicle due to it being cold outside. This matter remains pending in the Superior Court of California – County of San Bernardino. This conduct constitutes a Grade B violation of supervised release. |

Prob 12C
RE: Chubbick, Jhyy
2:07CR20016-01

U.S. Probation Officer Recommendation:
☑ The term of supervision should be
  ☑ Revoked.
  ☐ Extended for _ years, for a total term of _ years.
  ☐ Continued based upon the exception to revocation under 18 USC §3563(e) or 3583(d).
  ☐ The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

      Executed on August 17, 2018

           s/Michael J. Walker
           U.S. Probation Officer

Approved:

s/Cliff L. Caver      August 21, 2018
Supervising U.S. Probation Officer  Date

---

**THE COURT ORDERS:**

 ☐ No Action
 ☒ Issue of an arrest warrant
 ☐ Issue a Summons
 ☐ The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
 ☐ Other

The signed Probation Form 12C (Petition for Action), as well as the warrant for arrest, is to be filed under seal in the Electronic Case File (ECF) system until such time as the warrant is executed.

          s/John T. Fowlkes, Jr.
          _____
          Signature of Judicial Officer

          Date: August 5, 2018

Prob 12C
RE: Chubbick, Jhyy
2:07CR20016-01

# VIOLATION WORKSHEET

1. Defendant:     Chubbick, Jhyy
2. Docket Number (Year-Sequence-Defendant-Defendant No.):    2:07CR20016 - 01
3. District/Office:    Western District of Tennessee (Memphis)
4. Original Sentence Date:              03/17/2010

*(if different than above):*
5. Original District/Office:
6. Original Docket Number (Year-Sequence-Defendant-Defendant No.):

7. List each violation and determine the applicable grade (see § 7B1.1(a)):

| Violations(s) | Grade |
|---|---|
| The defendant shall not commit another federal, state, or local crime. (Unlawful Taking of a Vehicle) | B |

8. Most Serious Grade of Violation (see § 7B1.1(b)):                                    **B**
9. Criminal History Category (see § 7B1.4(a)):                                           **VI**

10. Range of Imprisonment (see § 7B1.4(a))                                          **\*21-27 Months**

\*Being originally convicted of a Class A felony (60 months) and a Class C felony (24 months), the total aggregate statutory maximum term of imprisonment is 84 months; 18 U.S.C. §§3583(e)(3) and 3584

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

   ( )   (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more
           than six months, §7B1.3(c) (1) provides sentencing options to imprisonment.
   ( )   (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not
           more than ten months, §7B1.3(c) (2) provides sentencing options to imprisonment.
   (X)   (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no
           sentencing options to imprisonment are available.

   **Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
   Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

Prob 12C
RE: Chubbick, Jhyy
2:07CR20016-01

Defendant: <u>Chubbick, Jhyy</u>   Docket No.: <u>2:07CR20016 - 01</u>

12. Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (<u>see</u> §7B1.3(d)):

| | |
|---|---|
| Restitution ($): _____ | Community Confinement: _____ |
| Fine ($): _____ | Home Detention: _____ |
| Other: _____ | Intermittent Confinement: _____ |

13. Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3(<u>see</u> §§7B1.3(g)(1)).

Term: _ to _ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment

14. Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment

**<u>In accordance with USSG 7B1.4, comment. (n.4): Where the original sentence was the result of a downward departure, or a charge reduction that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted.</u>**

15. Official Detention Adjustment (see §7B1.3(e)):   Months: _   Days:

Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit